IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRYAN L. TOMSON,**          ) | |
| )  | |
| **Plaintiff,**          ) | |
| )  | CIVIL ACTION |
| v.          ) | |
| )  | No. 07-2506-CM |
| **THE WEITZ COMPANY, LLC and**  ) | |
| **FORD MOTOR COMPANY,**          ) | |
| )  | |
| **Defendants.**          ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Bryan L. Tomson brings this personal injury action against defendants The Weitz Company, LLC and Ford Motor Company. This matter is before the court on plaintiff's Motion to Review Order Denying Motion for Extension of One (1) Day to Serve Responses to Written Discovery, to Disqualify Magistrate Judge Based upon Disability Discrimination and Inequitable Procedure Involving ex Parte Communications (Doc. 56) and Supplemental Motion to Review Order Denying Motion for Extension of One (1) Day to Serve Responses to Written Discovery, to Disqualify Magistrate Judge Based upon Disability Discrimination and Inequitable Procedure Involving ex Parte Communications (Doc. 57).

Plaintiff withdrew his request to disqualify Magistrate Judge O'Hara in his reply.[1] Thus, the request is denied as moot and the court will only consider plaintiff's request to review and reverse Judge O'Hara's April 22, 2008 Text Order (Doc. 46); April 23, 2008 Text Order (Doc. 48); April 23,

---

[1] It appears that plaintiff is also requesting that the court award sanctions against defendants for suggesting his motion to review should be denied as untimely under D. Kan Rule 7.3. The court does not believe that sanctions are warranted at this time. To the extent plaintiff is seeking sanctions, his request is denied.

2008 Text Order (Doc. 49); and April 24, 2008 Text Order (Doc. 50). Plaintiff requests that the court reverse these orders pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and D. Kan. Rule 72.1.4(a).

## Standard of Review

The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## Discussion

Magistrate judges have broad discretion to manage the pretrial docket and control discovery. *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1365–66 (D. Kan. 1995). "To maintain control over its docket and to ensure its credibility, the court often must be firm in setting deadlines and in enforcing them." *Adams v. Goodyear Tire & Rubber Co.*, 184 F.R.D. 369, 372 (D. Kan. 1998). For the following reasons, the court finds that Judge O'Hara's orders were not contrary to law.

### *April 22, 2008 Text Order (Doc. 46)*

After granting plaintiff two extensions to file his response to defendant The Weitz Company L.L.C.'s Interrogatories and Request for Production, Judge O'Hara granted plaintiff one last extension on April 21, 2008. In the April 21, 2008 order, Judge O'Hara explicitly stated, "This shall

be the final extension with regard to this set of discovery responses." Despite Judge O'Hara's order, plaintiff did not timely file his discovery responses; instead, plaintiff filed a fourth motion for extension of time.

As Judge O'Hara explained in his order, "[t]he court gave plaintiff his final extension as to these discovery requests on April 21, 2008," and plaintiff failed to show the requisite good cause for the extension. After reviewing the record, the court finds that Judge O'Hara applied the appropriate standard when considering plaintiff's motion. Furthermore, the decision is supported by the record. Judge O'Hara's April 22, 2008 order is not clearly erroneous or contrary to law.

### *April 23, 2008 Text Order (Doc. 48)*

Plaintiff argues that Judge O'Hara's April 23, 2008 text order should be reversed because he expedited the briefing on defendants' motion for extension of time to mediate and request a cautionary instruction.[2] The court disagrees. Plaintiff's counsel suggests that he was unaware of the order until it was too late to timely file his response. This excuse does not affect the propriety of Judge O'Hara's order. If plaintiff's counsel did not have time to comply with the order or was unaware of the order, he should have filed the appropriate motion—a motion for extension of time or a motion for leave to file the response out of time. Judge O'Hara acted within his discretion to expedite the briefing schedule. His order was not contrary to law.

### *April 23, 2008 Text Order (Doc. 49)*

In the April 23, 2008 text order, Judge O'Hara granted defendants' motion for extension of time to serve settlement offers as unopposed. After reviewing the record, the court finds Judge

---

[2] Defendants requested that a cautionary instruction be issued to plaintiff's counsel, not plaintiff. Defendants requested that the court "issue a cautionary instruction to plaintiff's counsel that failure to adhere to the scheduling order and other deadlines may result in sanctions—including dismissal of plaintiff's claims." (Doc. 47.)

O'Hara's order is not contrary to law. On April 18, 2008, Judge O'Hara ordered plaintiff to respond to defendants' motion by April 22, 2008 at 12 noon. Plaintiff failed to timely respond, and thus, Judge O'Hara properly considered defendants' motion as unopposed.

### *April 24, 2008 Text Order (Doc. 50)*

Judge O'Hara granted the defendants' motion for extension of time to mediate and request for a cautionary instruction as unopposed. Plaintiff's counsel argues that he was denied due process of law by not being given an adequate opportunity to respond. In fact, Judge O'Hara gave plaintiff an opportunity to respond. In his April 23, 2008 order, Judge O'Hara specifically set out a deadline for plaintiff to respond—April 24, 2008 at noon. Although plaintiff's counsel suggests that he was unaware of the order until it was too late to timely file his response, he did not file a motion for extension of time or a motion for leave to file his response out of time. Plaintiff's counsel failed to meet the court's deadline. As explained above, magistrate judges have discretion to control the pretrial docket. Judge O'Hara's order was within his discretion. Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Review Order Denying Motion for Extension of One (1) Day to Serve Responses to Written Discovery, to Disqualify Magistrate Judge Based upon Disability Discrimination and Inequitable Procedure Involving ex Parte Communications (Doc. 56) and Supplemental Motion to Review Order Denying Motion for Extension of One (1) Day to Serve Responses to Written Discovery, to Disqualify Magistrate Judge Based upon Disability Discrimination and Inequitable Procedure Involving ex Parte Communications (Doc. 57) are denied.

Dated this 10th day of October 2008, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**