IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN L. TOMSON,                )
                                )
                Plaintiff,      )
                                )
v.                              )    Case No. 07-2506-CM
                                )
THE WEITZ COMPANY, L.L.C., et al., )
                                )
                Defendants.     )

## **ORDER**

This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of John B. Gage, II, to withdraw as attorney of record for the plaintiff, Bryan L. Tomson **(doc. 212)**. Both of the defendants, The Weitz Company, L.L.C. ("Weitz") and Ford Motor Company ("Ford"), have filed responses (docs. 215 & 216). No reply brief has been filed.

Mr. Gage requests leave to withdraw from this case, stating he petitioned the Kansas Supreme Court for disability inactive status pursuant to Kan. Sup. Ct. R. 220(c). On January 27, 2009, Mr. Gage did request that the Kansas Supreme Court place him on disability inactive status and stay the pending state disciplinary proceedings against him. Effective February 9, 2009, the Kansas Supreme Court placed Mr. Gage on disability inactive status and stayed the disciplinary proceedings against him while he is on disability inactive status. The Kansas Supreme Court also ordered that Mr. Gage shall not engage in the practice of law until restored to active status.

Subsequently, on March 3, 2009, pursuant to D. Kan. Rule 83.6.9(b), and based on the above-described Kansas Supreme Court order, the Disciplinary Panel of the United States District Court for the District of Kansas found Mr. Gage incapacitated by reason of mental or physical infirmity or illness and suspended him from the practice of law until further order. The federal court has informed Mr. Gage that he can apply to the Disciplinary Panel for reinstatement pursuant to D. Kan. Rule 83.6.9(d). Because Mr. Gage is now suspended from practicing law in both state and federal court, his motion to withdraw as attorney of record for plaintiff in the above-captioned case is granted.

In his motion to withdraw, Mr. Gage also requests the court stay this case pending appointment of substitute counsel for plaintiff and until such counsel enters an appearance. Mr. Gage further requests the court extend all deadlines, including the trial setting, for a period of time sufficient to allow substitute counsel to become familiar with plaintiff's claims and this case. Neither Wietz nor Ford objects to Mr. Gage's request to withdraw, but both defendants object to staying this case and extending any deadlines, including the trial setting.

The court held the final pretrial conference in this case on October 17, 2008 and entered the pretrial order on October 28, 2008 (doc. 183). With one limited exception, discovery was complete as of the pretrial conference. The deadline to file dispositive motions was October 31, 2008. The deadline for the parties to file motions to exclude expert witness testimony pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, is 28 days before trial. However, if such a motion as a practical

matter will be case-dispositive, the motions were to be filed by the October 31, 2008 dispositive motion deadline. This case is set for trial on the court's docket beginning July 6, 2009.

In addition to Mr. Gage's motion to withdraw, the following motions are pending before the court:

a. On October 7, 2008, plaintiff filed a motion to strike Ford's expert witness disclosure and to impose sanctions (doc. 160). This motion is fully briefed (*see* docs. 164, 166 & 174).

b. On October 10, 2008, Ford filed a *Daubert* motion to exclude plaintiff's expert testimony (doc. 171). Plaintiff has failed to respond to this motion. The court has brought this to plaintiff's attention twice, along with notice that he failed to file responses to the summary judgment motions mentioned below (*see* docs. 197 & 205, at 3-4).

c. On October 14, 2008, plaintiff filed a motion to strike Weitz's expert witness's testimony based upon technical violations of Fed. R. Civ. P. 26 and *Kumho* (doc. 176). Weitz filed its response (doc. 181). Plaintiff has not filed any reply brief.

d. On October 30 and 31, 2009, Weitz and Ford filed separate motions for summary judgment (docs. 184 & 189, respectively). Plaintiff has failed to respond to either motion.

e. On February 10, 2009, plaintiff filed a motion for review of the undersigned's January 22, 2009 order (doc. 211) denying his motions for extensions of time to respond to

defendants' summary judgment motions (doc. 214).  Defendants have not responded to plaintiff's motion for review.

Because the only pending deadlines in this case are the deadline to file motions to exclude expert testimony and the trial setting, the court denies Mr. Gage's broad request to stay this entire case and to extend all deadlines.  However, plaintiff and counsel for both defendants shall appear for a status conference on **March 31, 2009, at 9:00 a.m.**, in U.S. Courthouse, Courtroom 236, 500 State Avenue, Kansas City, Kansas.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.	Mr. Gage's motion **(doc. 212)** to withdraw as counsel for plaintiff is granted in part and denied in part.  Mr. Gage is granted leave to withdraw as plaintiff's attorney of record.  But Mr. Gage's request to stay this case and to extend all deadlines to give substitute counsel time to get familiar with the case is denied at this time.

2.	This case is set for a status conference on **March 31, 2009, at 9:00 a.m.**, in U.S. Courthouse, Courtroom 236, 500 State Avenue, Kansas City, Kansas.  Plaintiff shall appear in person at the conference.  The court anticipates setting a deadline for plaintiff to retain substitute counsel and enter an appearance, or, failing that, to show cause why his case should not be dismissed, with prejudice, for lack of prosecution.

3.	Copies of this order shall be served electronically on counsel of record and Ernest C. Ballweg,[1] and by certified mail (return receipt requested) on plaintiff at his last known address.[2]

Dated this 17th day of March, 2009, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[1] Pursuant to Kan. Sup. Ct. R. 221(a), and by order authorized by the Administrative Judge of the District Court of Johnson County, Kansas, it is the undersigned's belief that Mr. Ballweg has been or soon will be appointed to inventory Mr. Gage's case files.

[2] c/o Jim and Cheryl Tomson, 14333 West 89th Street, Lenexa, Kansas 66215

O:\ORDERS\07-2506-CM-suspension.wpd       5